FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 18, 2022

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JESSE ANTONIO SOTO,<br>Defendant. | NO: 2:22-CR-36-RMP-1<br><br>PRETRIAL ORDER AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CONTINUE |

BEFORE THE COURT is Defendant's Motion to Continue Trial, ECF No. 37, and Motion to Expedite hearing of the same, ECF No. 39. Defendant moves for a continuance of his trial to April 10, 2023, to allow additional time to review discovery and research and investigate all viable defenses. *See* ECF No. 37 at 2. Defendant also is in the final phase of preparing a motion to suppress, which will require oral argument and the presentation of evidence. *Id.* The Government does not object to a continuance in this matter. *Id.* at 1.

A trial date of December 12, 2022, would deprive defense counsel of adequate time to obtain and review discovery and provide effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7). Therefore, the Court

finds that the ends of justice served by ordering a continuance of proceedings in this matter outweigh the best interests of the public and Defendant's right to a speedy trial, pursuant to 18 U.S.C. §3161(h)(7)(A). However, the Court finds that good cause does not exist to grant a continuance of trial to the date Defendant requests.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Continue Trial, **ECF No. 37**, is **GRANTED IN PART** and **DENIED IN PART**.

2. Defendant's Motion to Expedite, **ECF No. 39**, is **GRANTED**.

3. The current trial date of December 12, 2022, is **STRICKEN** and **RESET** to **March 13, 2023**, at **8:45 a.m.** commencing with a **final** pretrial conference at **8:30 a.m.** All hearings shall take place in **Spokane**, Washington.

4. The current pretrial conference date of November 29, 2022, is **STRICKEN** and **RESET** on **February 14, 2023**, at **10:00 a.m.**

5. Discovery motions and any motion to suppress shall be filed by **January 24, 2023**; responses are due **January 31, 2023**; and replies are due **February 7, 2023**. Counsel shall note their motions for hearing at the pretrial conference on **February 14, 2023**. LCrR 12(c)(2).

6. A second pretrial conference is **SET** on **February 28, 2023**, at **10:30 a.m.**

7. Motions in limine shall be filed by **February 7, 2023**; responses are due **February 14, 2023**; and replies are due **February 21, 2023**

PRETRIAL ORDER AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CONTINUE ~ 2

8. Counsel for defense shall notify Defendant of all hearings and ensure Defendant's attendance at court.

9. Motions to Expedite, if any, shall be filed separately and noted for hearing two (2) days from the date of filing, after informing opposing counsel of such.

10. Trial briefs, requested voir dire, witness lists, jointly proposed jury instructions, and a table of proposed jury instructions shall be filed and served by **March 3, 2023**, for the Court's consideration.

   **(a)** The jointly proposed jury instructions should address only issues that are unique to this case and shall include instructions regarding the elements of each count, any necessary definitions, and a proposed verdict form.

   **(b)** The parties shall provide the Court electronically with a table of proposed, cited jury instructions. This table shall include:

   **(i)** The instructions on which the parties agree;

   **(ii)** The instructions that are disputed; and

   **(iii)** The basis of any objection.

   **(iv)** The jury instruction table shall be substantially in the following form:

| Proposed by | Instruction # | 9th Cir. Cite | Objection | Response to objection |
|---|---|---|---|---|

PRETRIAL ORDER AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CONTINUE ~ 3

**(c)** In addition to the jury instruction table, each party shall address any objections they have to instructions proposed by any other party in a memorandum filed by **March 3, 2023**. The parties shall identify the specific portion of any proposed instruction to which they object supported by legal authority that supports the objection. Failure to file an objection to any instruction may be construed as consent to the adoption of an instruction proposed by another party.

11. *Pretrial Exhibit Stipulation*

**(a)** The parties shall prepare and file, by **March 3, 2023**, a pretrial exhibit stipulation that contains each party's numbered list of all trial exhibits with the opposing party's objections to each exhibit, including the basis of the objection and the offering party's brief response. All exhibits to which there are no objections shall be deemed admitted, subject to any objections at trial that could not be raised in advance. Failure to comply with this paragraph could be deemed to constitute a waiver of all objections. Do not submit blanket or boilerplate objections to the opposing party's exhibits. These will be disregarded and overruled.

/ / /

/ / /

/ / /

/ / /

**(b)** The pretrial exhibit stipulation shall be substantially in the following form:

**Pretrial Exhibit Stipulation**

**Plaintiff's/Defendant's Exhibits**

| Exhibit No. | Description | If Objection, State Grounds | Response to Objection |
|---|---|---|---|
| | | | |

**(c)** Exhibits shall be pre-marked with the exhibit numbers that will be used at trial. Plaintiff's trial exhibits are to be numbered 1 through 199, and Defendant's exhibits are to be numbered 200 and following.

**(d)** Objections to exhibits and witnesses shall be heard at the final pretrial conference.

**12. *Trial Procedures***

The following procedures shall be utilized at trial:

**(a)** The Court utilizes JERS (Jury Evidence Recording System) to allow evidence admitted for a trial to be viewed electronically via touchscreen monitor in the jury deliberation room upon the conclusion of the trial. Please note that the jury will receive a verbatim copy of the JERS exhibit list. Please carefully review and follow the instructions provided.

[JERS Instruction Sheet for Attorneys](#)

**(b)** The Court will conduct the majority of jury voir dire but allow counsel fifteen minutes to ask additional questions or to do more in depth exploration of issues raised by the Court;

**(c)** A total of thirteen jurors will be selected. Plaintiff shall have six peremptory challenges, Defendant shall have ten peremptory challenges, and each party shall have one challenge for the alternate juror. Fed. R. Crim. P. 24. The challenges shall be exercised alternately;

**(d)** Regular trial hours shall be from 8:45 a.m. to 12:00 noon, and 1:15 to 4:30 p.m.;

**(e)** The jurors will be provided with notebooks for note-taking and a copy of preliminary instructions;

**(f)** Documents published to the jury by counsel shall be collected at the conclusion of trial each day or following a witness's testimony regarding the published document;

**(g)** A single photograph shall be taken of all witnesses following their testimony for use by the jury to correlate a witness with the testimony he or she provided. The photographs shall be maintained in a three-ring binder by the Court. The photograph will have the witness's name on it and the date of the witness's testimony. The photographs will be provided to the jury to assist them during deliberations. Following deliberations, the photographs will be destroyed by the Court and will not be a part of the record;

**(h)** Examination of witnesses shall be limited to direct, cross, redirect and recross. Fed. R. Evid. 611(a);

**(i)** Counsel are encouraged to limit requests for sidebars by anticipating legal and evidentiary issues so that the issues may be addressed before trial begins each day, during the lunch hour, or after trial hours;

**(j)** During trial, counsel are encouraged to exchange lists of the next day's witnesses and exhibits so that objections or legal issues may be anticipated and resolved outside the normal trial hours;

**(k)** Counsel shall have the next witness to be called to testify available outside the courtroom, to avoid delay; and

**(l)** An attorney's room for Plaintiff and for Defendant is available. Counsel may inquire with the on-duty Court Security Officer for access to the room.

**13.** A Waiver of Speedy Trial Rights was signed by Defendant. ECF No. 38. All time from the trial date of **December 12, 2022**, to the new trial date of **March 13, 2023**, is **EXCLUDED** for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(7).

**14.** All time from the filing of Defendant's Motion to Continue on **November 16, 2022**, to the date of the hearing on **November 18, 2022**, is excluded for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(1)(D).

**IT IS SO ORDERED**. The District Court Clerk is directed to file this Order and provide copies to counsel.

**DATED** November 18, 2022.

　　　　　　　　　　　　　　　　*s/ Rosanna Malouf Peterson*
　　　　　　　　　　　　　　　　ROSANNA MALOUF PETERSON
　　　　　　　　　　　　　　　　Senior United States District Judge